**David P. Force, Esq.**
**Law Offices of Michael Lupolover, P.C.**
**120 Sylvan Ave., Suite 303**
**Englewood Cliffs, NJ 07632**
**(T) (201) 461-0059**
**(F) (201) 608-7116**
**(E) DPF@lupoloverlaw.com**

**ATTORNEY FOR PLAINTIFF**
**Jeri Davis**

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **JERI DAVIS,** | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **AND** |
| **REVIVE DC CORP.,** | **JURY TRIAL DEMAND** |
| Defendant. | |

### CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Jeri Davis, on behalf of himself (hereinafter "Davis" or "Plaintiff"), on behalf of herself (hereinafter "Plaintiff"), and all others similarly situated, by and through her undersigned attorney, alleges against the Revive DC Corp. (hereinafter "RDC" or "Defendant") as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices brought by Jeri Davis, in her own individual capacity, and on behalf of a class of other, as of yet unidentified, similarly situated individuals.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Jeri Davis, is a natural person, who at all relevant times has resided in the city of Englewood, Arapahoe County, State of Colorado, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Revive DC Corp. is a business entity that regularly conducts business in the State of Colorado, with its corporate mailing address as 155 N College Ave., Suite 230, Fort Collins, CO 80522, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, is in violation of the FDCPA, and who reside in the State of Colorado as of one year from the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, tens of thousands, of persons have received debt collection notices/letters/communications from Defendants, which violate various provisions of the FDCPA.

7. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate various provisions of the FDCPA.

9. The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

10. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

13. The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

14.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL STATEMENT**

19.     Upon information and belief, and at all times relevant to this litigation, Defendant Revive DC Corp. (hereinafter "RDC") has engaged in a course of collection attempts on a consumer debt, allegedly owed by Plaintiff, which originated and remains due and owing with Acclaimed Roofing of Colorado.    Debts derived from improvements/modifications to a

person's dwelling have long been recognized by the Federal Trade Commission to be "consumer debt," as that term is defined by the FDCPA.

20. Inclusive of, but not limited to, Defendant's collection attempts was the sending of an initial written communication to Plaintiff dated January 18, 2017 (hereinafter the "Collection Letter").

21. The Collection Letter advised Plaintiff, *inter alia*, of the following:

> *If you believe the debt is not valid you must dispute the debt within thirty (30) days after receipt of this notice, after which the debt will be presumed to be valid by the debt collector. If you dispute the debt or any portion thereof, we will provide you with the verification of the debt, including the name and address of the original creditor if different from the current creditor.*

22. The Collection Letter was received and read by Plaintiff on or about January 21, 2017.

23. Plaintiff having read the letter, was left unaware that certain rights vested with her under federal law needed to be triggered by a writing.

24. At all times relevant to this litigation, and as of the date of the filing of this complaint, Plaintiff has and continues to dispute the validity of this debt.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. §1692(g)(4) & 15 U.S.C. §1692(g)(5)

25. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 22 above and incorporates them with the same force and effect as if set forth specifically herein.

26. Defendant RDC has engaged in a course of collection attempts on a consumer debt, allegedly owed by Plaintiff, which originated and remains due and owing with Acclaimed Roofing of Colorado.

27. In an attempt to collect on this alleged debt, Defendant sent Plaintiff the Collection Letter, dated January 18, 2017. Plaintiff received, and read, same on or about January 21, 2017.

28. Defendant's actions have damaged Plaintiff, to which she is entitled relief.

29. The Collection Letter advised Plaintiff, *inter alia*, of the following:

> *If you believe the debt is not valid you must dispute the debt within thirty (30) days after receipt of this notice, after which the debt will be presumed to be valid by the debt collector. If you dispute the debt or any portion thereof, we will provide you with the verification of the debt, including the name and address of the original creditor if different from the current creditor.*

30. 15 U.S.C. §1692(g)(4)&(5), state that the consumer must, Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the following:

> *(4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and* **(Emphasis Added)**

> *(5) a statement that, upon the consumer's **written request** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.* **(Emphasis Added)**

31. Defendant's collection letter has failed to inform Plaintiff that she needs to dispute the debt in writing for her federally mandated rights under 15 U.S.C. §1692(g)(4)& 15 U.S.C. §1692(g)(5) to vest. Plaintiff was left under the misguided belief that a mere oral dispute would trigger the aforementioned rights.

32. The Congressional findings and declaration of purposes section of the FDCPA, 15 U.S.C. 1692, *et seq*., reads as follows:

> **(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of**

> **personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**
>
> **(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.**
>
> **(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.**
>
> **(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.**
>
> **(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.**

33.     It was precisely this type of behavior that the FDCPA was enacted to prevent. Defendant's letter fails to provide her with the proper federally mandated disclosures, placing her at a disadvantage.

34.     Plaintiff has disputed the validity of this debt at all times relevant to this litigation and as of the filing of this complaint, this dispute holds to the date of this filing.

35.     Plaintiff has been damaged and is entitled to relief.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triabal.

## **RELIEF**

WHEREFORE, Plaintiff, Jeri Davis, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A. That an order be entered certifying the class as described above, pursuant to Fed. R. Civ. Pro. 23(b)(3).

B. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

C. That judgment be entered against the Defendant, and for all class members, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D. That judgment be entered against the Defendant and for all class members, for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

F. That the Court enjoin Defendants from further misrepresenting the effects of a consumer's failure to dispute the debt within the applicable (30) day period under 15 U.S.C. §1692g, *et seq*.

G. That the Court grant such other and further relief as may be just and proper.

*Rest of page intentionally left blank;*
*Signature page to follow*

Dated this 5th day of May, 2017

Respectfully Submitted,

s/ David P. Force                                .

Attorney for Plaintiff:
David P. Force, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 303
Englewood Cliffs, NJ 07632
(T) (201) 461-0059
(F) (201) 608-7116
(E) DPF@lupoloverlaw.com